IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANOFI-AVENTIS and SANOFI-AVENTIS U.S. LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BARR LABORATORIES, INC.,<br><br>Defendant.<br><br>―――――――――――――――<br><br>BARR LABORATORIES, INC.,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>SANOFI-AVENTIS and SANOFI-AVENTIS U.S. LLC,<br><br>Counterclaim Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-574-GMS<br>)<br>) **DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BARR LABORATORIES, INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO COMPLAINT**

Defendant Barr Laboratories, Inc., ("Defendant"), by and through the undersigned attorneys, answers the Complaint of Plaintiffs sanofi-aventis and sanofi-aventis U.S. LLC ("Plaintiffs" or "sanofi-aventis"), as follows:

**AS TO THE PARTIES**

1. Defendant admits, on information and belief, the allegations in Paragraph 1.

2. Defendant admits, on information and belief, the allegations in Paragraph 2.

3. Defendant admits that Barr Laboratories, Inc. is a corporation organized and existing under the laws of the State of Delaware and has a place of business at Two Quaker Road, Pomona, New York, 10970.

## AS TO THE NATURE OF THE ACTION

4. Paragraph 4 contains conclusions of law, rather than allegations of fact, for which no response is required. Insofar as a response is required, Defendant admits that Plaintiffs allege infringement of U.S. Patent No. 4,661,491 ("the '491 patent") and No. 6,149,940 ("the '940 patent") and seeks relief under the patent laws of the United States of America.

## AS TO JURISDICTION AND VENUE

5. Paragraph 5 contains conclusions of law, rather than allegations of fact, for which no response is required. Insofar as a response is required, Defendant admits that this Court has subject matter jurisdiction of this action.

6. Paragraph 6 contains conclusions of law, rather than allegations of fact, for which no response is required. Insofar as a response is required, Defendant admits that personal jurisdiction over Barr is proper in this judicial district for purposes of this action.

7. Paragraph 7 contains conclusions of law, rather than allegations of fact, for which no response is required. Insofar as a response is required, Defendant admits that venue is proper in this judicial district.

## AS TO THE PATENTS

8. Defendant admits that the '491 patent, titled "Alfuzosine Compositions and Use," lists on its face an issue date of April 28, 1987, but specifically denies that the patent was duly or legally issued. Defendant further admits that sanofi-aventis U.S. LLC is listed by the Food and Drug Administration ("FDA") as the holder of New Drug Application, ("NDA") No. 21-287, for

Uroxatral® brand alfuzosin hydrochloride extended release tablets. Defendant further admits that the '491 patent is listed in the Orange Book in connection with Uroxatral®. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8, and therefore denies the same.

9. Defendant admits that the '940 patent, titled "Tablet with Controlled Release of Alfuzosine Chlorhydrate," lists on its face an issue date of November 21, 2000, but specifically denies that the patent was duly or legally issued. Defendant further admits that the '940 patent is listed in the Orange Book in connection with Uroxatral®. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and therefore denies the same.

### AS TO COUNT I: INFRINGEMENT OF THE '491 PATENT

10. Defendant admits the allegations of Paragraph 10.

11. Defendant admits that Barr Laboratories, Inc. alleged in ANDA 79-052 that the claims of the '491 patent are invalid or not infringed by the manufacture, use or sale of the proposed alfuzosin hydrochloride ANDA product. Defendant further admits that on or about August 14, 2007 Barr Laboratories, Inc. sent a notice letter to sanofi-aventis advising sanofi-aventis of Barr Laboratories, Inc.'s Paragraph IV certification for the '491 patent. Defendant admits, on information and belief, that each named plaintiff received Barr's notice letter. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11, and therefore denies the same.

12. Paragraph 12 contains conclusions of law, rather than allegations of fact, for which no response is required. To the extent that a response is required, Defendant admits that its Paragraph IV certification in ANDA 79-052 vests this Court with subject matter jurisdiction

as to the Orange Book-listed patent. Defendant denies the remaining allegations contained in paragraph 12.

13. Defendant admits that it was aware of the existence of the '491 patent at the time of the submission of ANDA 79-052 and its § 505(j)(2)(A)(vii)(IV) allegations. Defendant denies the remaining allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

## AS TO COUNT II: INFRINGEMENT OF THE '940 PATENT

15. Defendant admits the allegations of Paragraph 15.

16. Defendant admits that Barr Laboratories, Inc. alleged in ANDA 79-052 that the claims of the '940 patent are invalid or not infringed by the manufacture, use or sale of the proposed alfuzosin hydrochloride ANDA product. Defendant further admits that on or about August 14, 2007 Barr Laboratories, Inc. sent a notice letter to sanofi-aventis advising sanofi-aventis of Barr Laboratories, Inc.'s Paragraph IV certification for the '940 patent. Defendant admits, on information and belief, that each named plaintiff received Barr's notice letter. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16, and therefore denies the same.

17. Paragraph 17 contains conclusions of law, rather than allegations of fact, for which no response is required. To the extent that a response is required, Defendant admits that its Paragraph IV certification in ANDA 79-052 vests this Court with subject matter jurisdiction as to the Orange Book-listed patent. Defendant denies the remaining allegations contained in paragraph 17.

18. Defendant admits that it was aware of the existence of the '940 patent at the time of the submission of ANDA 79-052 and its § 505(j)(2)(A)(vii)(IV) allegations. Defendant denies the remaining allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

20. One or more claims of the '491 patent are invalid and/or unenforceable under one or more sections of 35 U.S.C. §§ 101, 102, 103, and 112.

### SECOND AFFIRMATIVE DEFENSE

21. One or more claims of the '940 patent are invalid and/or unenforceable under one or more sections of 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE

22. The manufacture, use, sale, or offer for sale of Barr Laboratories, Inc.'s alfuzosin hydrochloride ANDA product has not infringed, does not infringe, and would not, if marketed, infringe any valid and enforceable claims of the '491 patent.

### FOURTH AFFIRMATIVE DEFENSE

23. The manufacture, use, sale, or offer for sale of Barr Laboratories, Inc's alfuzosin hydrochloride ANDA product has not infringed, does not infringe, and would not, if marketed, infringe any valid and enforceable claims of the '940 patent.

### FIFTH AFFIRMATIVE DEFENSE

24. Plaintiffs' claims for injunctive relief are barred because Plaintiffs have an adequate remedy at law.

## SIXTH AFFIRMATIVE DEFENSE

25. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

26. Plaintiffs have failed to join Jagotec AG, a co-assignee of the '940 patent and a party whose joinder to this matter is needed for a just adjudication of Defendant's alleged liability.

## ADDITIONAL AFFIRMATIVE DEFENSES

27. Any additional defenses or counterclaims that discovery may reveal.

WHEREFORE, Defendant Barr Laboratories, Inc. prays that the Court:

    a. enter judgment against Plaintiffs sanofi-aventis and sanofi-aventis U.S. LLC, and in favor of Defendant, dismissing with prejudice each of the claims asserted by Plaintiffs,

    b. award Defendant its attorneys fees and costs, and

    c. award Defendant any other relief as it deems just and proper.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Barr Laboratories, Inc. ("Barr"), by and through its undersigned attorneys, hereby alleges, for its counterclaims against Plaintiffs/Counterclaim Defendants sanofi-aventis and sanofi-aventis U.S. LLC (together, "Plaintiffs") as follows:

## PARTIES

28. Barr Laboratories, Inc. is a corporation having its corporate offices and a principal place of business at Two Quaker Road, P.O. Box 2900, Pomona, NY 10970.

29. On information and belief, sanofi-aventis is a corporation organized and existing under the laws of France, having its principal place of business at 174, avenue de France, Paris France 75013.

30. On information and belief, sanofi-aventis U.S. LLC is a limited liability company organized and existing under the laws of Delaware with its North American headquarters located at 55 Corporate Drive, Bridgewater, New Jersey 08807.

## JURISDICTION AND VENUE

31. This action arises under the patent laws of the United States of America. Jurisdiction is founded on Title 28, United States Code 1331, 1338(a).

32. Venue is proper in this Court under Title 28, United States Code 1391(b), 1391(c) and 1400(b).

## BACKGROUND

33. Sanofi-aventis U.S. LLC is the holder of an approved New Drug Application ("NDA") No. 21-287 to market a commercial formulation of alfuzosin hydrochloride extended-release tablets. On information and belief, sanofi-aventis U.S. LLC markets and sells its commercial product under the trade name UROXATRAL®.

34. The Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act ("FDCA") authorize a generic drug company to submit an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA").

35. The FDA requires NDA holders to disclose to the FDA the patent numbers and expiration dates of patents claiming the "drug" for which the NDA is submitted, or patents covering a "method of using such drug." 21 U.S.C. §§ 355(b)(1) and (c)(2). The FDA then lists those patents in the publication "Approved Drug Products with Therapeutic Equivalence Evaluations," which is commonly called the "Orange Book."

36. If a generic company seeks approval to market its generic product before a patent listed in the Orange Book expires, the generic company's ANDA must include a "certification" that the patent is invalid, unenforceable, or would not be infringed by the generic product. This type of certification is commonly called a "Paragraph IV Certification."

37. The ANDA applicant must send both the NDA holder and the patent holder a notice letter that includes a detailed statement of the factual and legal basis for the ANDA applicant's opinion that the patent is invalid, unenforceable, and/or would not be infringed. Moreover, pursuant to 21 U.S.C. § 355(j)(5)(C), the ANDA applicant must include within its notice letter an "offer of confidential access" to its ANDA, which provides the NDA holder the

opportunity to inspect the ANDA "for the purpose of determining whether" it should file suit against the ANDA holder.

38.     The FDA "Orange Book" lists the '940 and '491 patents as reference patents for sanofi-aventis U.S. LLC's NDA No. 21-287.

39.     On information and belief, sanofi-aventis is the current assignee of the '491 patent.

40.     On information and belief, sanofi-aventis and Jagotec AG are the current assignees of the '940 patent.

41.     Barr filed with the FDA an ANDA, which the agency assigned No. 79-052, with Paragraph IV Certifications that the '940 and '491 patents are invalid, unenforceable and/or not infringed, to obtain approval to engage in the manufacture, use or sale of alfuzosin hydrochloride extended release tablets ("Barr's ANDA product").

42.     On August 14, 2007, Barr sent to Plaintiffs and Jagotec AG a statutorily-required notice letter containing a detailed factual and legal statement as to why the '940 and '491 patents were invalid, unenforceable and/or not infringed by Barr's ANDA product.  Within its notice letter and pursuant to 21 U.S.C. § 355(j)(5)(C), Barr made an offer of confidential access to certain parts of its ANDA to Plaintiffs and Jagotec AG.

43.     On September 21, 2007, Plaintiffs filed this patent infringement lawsuit against Barr.  Plaintiffs' complaint alleged that Barr's ANDA product would infringe the '940 and '491 patents, which Barr has denied herein.

### Counterclaim I
### Declaration of Non-Infringement of the '491 Patent

44.     Barr re-alleges and incorporates herein the allegations of paragraphs 28-43.

45.    This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the manufacture, use, sale, or offer for sale of Barr's ANDA product does not and will not infringe any claims of the '491 patent.

46.    Jurisdiction over this counterclaim is proper under 28 U.S.C. §§ 1331, 1338(a), and 2201-02. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

47.    Plaintiffs/Counterclaim Defendants allege that the '491 patent is infringed, valid, and enforceable, and Barr denies those allegations.

48.    There is an actual, substantial, continuing justiciable controversy between Barr and Plaintiffs/Counterclaim Defendants regarding the non-infringement of the '491 patent.

49.    The manufacture, use, sale, or offer for sale of Barr's ANDA product does not and will not infringe any valid claims of the '491 patent.

50.    Barr is entitled to a declaration that the manufacture, use, sale, or offer for sale of its ANDA product does not and will not infringe any valid claims of the '491 patent.

### Counterclaim II
### Declaration of Invalidity of the '491 Patent

51.    Barr re-alleges and incorporates herein the allegations of paragraphs 28-50.

52.    This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that one or more of the claims of the '491 patent are invalid.

53.    Jurisdiction over this counterclaim is proper under 28 U.S.C. §§ 1331, 1338(a), and 2201-2202. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

54.    Plaintiffs/Counterclaim Defendants allege that the '491 patent is infringed, valid, and enforceable, and Barr denies those allegations.

55. There is an actual, substantial, continuing justiciable controversy between Barr and Plaintiffs/Counterclaim Defendants regarding the validity and/or enforceability of the '491 patent.

56. One or more of the claims of the '491 patent are invalid and/or unenforceable under one or more sections of 35 U.S.C. §§ 101, 102, 103 and/or 112.

57. Barr is entitled to a declaration that one or more of the claims of the '491 patent are invalid and/or unenforceable under one or more sections of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Counterclaim III
### Declaration of Non-Infringement of the '940 Patent

58. Barr re-alleges and incorporates herein the allegations of paragraphs 28-57.

59. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the manufacture, use, sale, or offer for sale of Barr's ANDA product does not and will not infringe any claims of the '940 patent.

60. Jurisdiction over this counterclaim is proper under 28 U.S.C. §§ 1331, 1338(a), and 2201-02. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

61. Plaintiffs/Counterclaim Defendants allege that the '940 patent is infringed, valid, and enforceable, and Barr denies those allegations.

62. There is an actual, substantial, continuing justiciable controversy between Barr and Counterclaim Defendants regarding the non-infringement of the '940 patent.

63. The manufacture, use, sale, or offer for sale of Barr's ANDA product does not and will not infringe any valid claims of the '940 patent.

64.     Barr is entitled to a declaration that the manufacture, use, sale, or offer for sale of its ANDA product does not and will not infringe any valid claims of the '940 patent.

### Counterclaim IV
### Declaration of Invalidity of the '940 Patent

65.     Barr re-alleges and incorporates herein the allegations of paragraphs 28-64.

66.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that one or more of the claims of the '940 patent are invalid.

67.     Jurisdiction over this counterclaim is proper under 28 U.S.C. §§ 1331, 1338(a), and 2201-2202. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

68.     Plaintiffs/Counterclaim Defendants allege that the '940 patent is infringed, valid, and enforceable, and Barr denies those allegations.

69.     There is an actual, substantial, continuing justiciable controversy between Barr and Counterclaim Defendants regarding the validity and/or enforceability of the '940 patent.

70.     One or more of the claims of the '940 patent are invalid and/or unenforceable under one or more sections of 35 U.S.C. §§ 101, 102, 103 and/or 112.

71.     Barr is entitled to a declaration that one or more of the claims of the '940 patent are invalid and/or unenforceable under one or more sections of 35 U.S.C. §§ 101, 102, 103 and/or 112.

**RELIEF**

WHEREFORE, Defendant/Counterclaim Plaintiff Barr Laboratories, Inc., prays that the Court enter judgment against Counterclaim Defendants sanofi-aventis and sanofi-aventis U.S. LLC, and in favor of Defendant/Counterclaim Plaintiff Barr Laboratories, Inc., as follows:

1. For a declaration that Barr has not infringed, and that the manufacture, use, sale, or offer for sale of Barr's ANDA product does not and will not infringe, any valid claims of United States Patent No. 4,661,491;

2. For a declaration that one or more of the claims of United States Patent No. 4,661,491 are invalid and/or unenforceable;

3. For a declaration that Barr has not infringed, and that the manufacture, use, sale, or offer for sale of Barr's ANDA product does not and will not infringe, any valid claims of United States Patent No. 6,149,940;

4. For a declaration that one or more of the claims of United States Patent No. 6,149,940 are invalid and/or unenforceable;

5. For a declaration that Barr has not willfully infringed any claim of United States Patent Nos. 6,149,940 and 4,661,491.

6. For an order permanently enjoining Plaintiffs and their respective officers, agents, servants, employees, attorneys, and those persons or entities acting in concert or in privity with them, from asserting or attempting to enforce United States Patent Nos. 6,149,940 or 4,661,491 against Barr.

7. For an award of attorneys' fees pursuant to 35 U.S.C. § 285;

8. For an award of costs; and

9. For such other relief as the Court determines to be just and proper.

Respectfully submitted,

Dated: October 29, 2007

Barr Laboratories, Inc.

By: *[signature]*
John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom St.
Wilmington, DE 19806
Tele: (302) 655-4200
Fax: (302) 655-4210
JCP@pgslaw.com

Of Counsel:

George C. Lombardi
Ivan M. Poullaos
Taras A. Gracey
Kurt A. Mathas
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tele: (312) 558-5600
Fax: (312) 558-5700
glombardi@winston.com
ipoullaos@winston.com
tgracey@winston.com
kmathas@winston.com

*Attorneys for Defendants Barr Laboratories, Inc.*